

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS, | § | No. 08-17-00175-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court at Law Number Four |
| | § | |
| JESUS TABARES, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20140C13890) |
| | § | |

## **ORDER**

On July 14, 2017, the trial court heard and granted Jesus M. Tabares' motion to suppress germane to a traffic stop that led to his arrest for driving while intoxicated. The arresting officer testified that he initiated the traffic stop after observing Tabares operate his vehicle without turning on its headlamps or tail lamps, and that the vehicle changed lanes without signaling.[1]

---

[1] Sergeant John W. Van Valen testified that:

> Q. And what violation did you see the vehicle commit?
> A. What I observed is that the vehicle wasn't operating with its headlamps or tail lamps, and that it was changing lanes without signaling.

(Reporter's Record, p.8, lines 4-8).

The trial court made oral findings of fact and conclusions of law at the end of the hearing that state the traffic stop was "pursuant to an allegation made that lights --headlights or taillights -- were noticeably off on the vehicle that the defendant was driving, northbound on Zaragoza Boulevard, in El Paso County, Texas." (Reporter's Record, p. 37, lines 21-24). The balance of the findings pertain to the testifying Sergeant's credibility and his ability to have seen the headlights.[2] Following the hearing, the State filed a written motion asking the trial to court to enter findings of fact, and conclusions of law.

On appeal, the State's brief argues in part that the lack of taillights and making an un-signaled lane change are sufficient reason to support the stop. No express findings of fact or conclusions of pertain to those two reasons asserted by the State. This Court is obligated to remand a case for supplemental findings when the findings are incomplete such that we are unable to make a legal determination for the reasons supporting the decision below. *See State v. Saenz*, 411 S.W.3d 488, 495-96 (Tex.Crim.App. 2013). Accordingly, we remand the case for the trial court to make additional written findings of fact and conclusions of law.

The trial court shall, within thirty days after the date of this Order: (1) make appropriate orders and enter findings of fact and conclusions of law that specifically address the other two stated rationale for the stop: the absence of tail lights and un-signaled lane changes; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court clerk shall: (1) prepare a supplemental clerks record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerks

---

[2] The trial court further stated: "Quite frankly, I find the credibility of this police officer in question. Court taking notice of the video involved, and the discrepancy between what is obviously on the video and what is on the affidavit, and what he states and his lack of -- or his inability to explain how he was able to see the headlights being on or off at the distance that, at least from what I could see on the video, was likely, possible. Therefore, I'm going to grant the motion to suppress. I don't think there was sufficient cause to stop." (Reporter's Record, Lines 11-20)

record with the clerk of this Court within fifteen days after delivery of the findings of fact and conclusions law from the trial court.

IT IS SO ORDERED this 25th day of September, 2018.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.